UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, | No. 2:25-cv-00764-DAD-SCR |
| Plaintiff, | |
| v. | ORDER |
| EL DORADO COUNTY OFFICE OF EDUCATION, et al., | |
| Defendants. | |

Before the Court is Plaintiff's motion to appoint guardian ad litem. ECF No. 15. The motion has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A). ECF No. 21. The motion recites that the parties met and conferred prior to the filing of the motion, and Defendant does not intend to oppose the motion. ECF No. 15 at 2. The time for filing an opposition has expired, and no opposition was filed. *See* LR 230(c).

However, the motion does not contain sufficient information for the Court to rule. The motion does not include information concerning the attorney's interest required by Local Rule 202(c). Nor does the motion contain sufficient information for the Court to determine that Plaintiff, a 24-year old woman, is "incompetent" under Rule 17. In determining competency, the Court needs to apply the following standard: "In California, a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." *Golden Gate Way, LLC v. Stewart*, No. 09–cv–

1

04458 DMR, 2012 WL 4482053, at *2 (N.D.Cal. Sept. 28, 2012) (citing *In re Jessica G.*, 93 Cal.App. 4th 1180, 1186 (2001); Cal.Civ.Proc.Code § 372; *In re Sara D.*, 87 Cal.App. 4th 661, 666–67 (2001)).  In determining competency, the Court may consider a "broad range of evidence" including reports from governmental agencies concerning mental disability, sworn declarations, medical records, and the court's own observations.  *See AT&T Mobility v. Yeager*, 143 F.Supp.3d 1042, 1050 (E.D. Cal. 2015).  Plaintiff's motion is based only on the brief affidavit of her mother, which contains no meaningful detail about her cognitive condition.  Plaintiff has not provided any medical records, or evidence of a governmental agency relevant to competency.  The complaint refers to a medical diagnosis, but the mother's declaration does not aver to that diagnosis.  As the Court's own observations can be an important consideration, Local Rule 202(d) generally requires that the minor or allegedly incompetent person appear at the hearing unless excused for good cause.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's counsel shall file with the Court information to satisfy the requirements of Local Rule 202(c).  Additionally, Plaintiff shall file any supplemental documentary materials and/or a more detailed affidavit from Plaintiff's mother to address the issues raised herein.  Those supplemental materials shall be filed by **June 10, 2025**.  Defendant may file any response by **June 20, 2025**.

2. The Court will hold a hearing on the motion on **Thursday, July 3, 2025, at 10:00 a.m**.  At that hearing both Plaintiff and her mother, P.W., shall appear.  If Plaintiff believes that good cause exists to excuse her appearance, that good cause showing shall be made in the supplemental materials filed by June 10, 2025.  If such showing is made, the Court may submit the motion without oral argument.

IT IS SO ORDERED.

DATED: May 23, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE