UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, | No. 2:25-cv-00764-DAD-SCR |
| Plaintiff, | |
| v. | ORDER |
| EL DORADO COUNTY OFFICE OF EDUCATION, et al., | |
| Defendants. | |

Before the Court is Plaintiff's motion to appoint guardian ad litem ("GAL"). ECF No. 15. The motion has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A). *See* ECF No. 21. The motion recites that the parties met and conferred prior to the filing of the motion, and Defendant does not intend to oppose the motion. ECF No. 15 at 2. The time for filing an opposition has expired, and no opposition was filed. *See* LR 230(c).

On May 27, 2025, the Court directed Plaintiff's counsel to provide information to comply with Local Rule 202(c) and allowed Plaintiff the opportunity to file supplemental materials concerning her competency. ECF No. 23. The order required the supplemental materials be filed by June 10, 2025, and allowed Defendants until June 20, 2025 to file an optional response. The supplemental materials were filed, no response was filed, and the matter was taken under

1  submission without oral argument.  ECF Nos. 29 & 30.

2      Having considered the supplemental materials, the Court finds it is appropriate to grant
3  the motion and appoint Plaintiff's mother, P.W., as guardian ad litem in this matter.

4      Under Rule 17 of the Federal Rules of Civil Procedure "[a] minor or an incompetent
5  person who does not have a duly appointed representative may sue by a next friend or by a
6  guardian ad litem."  "The court must appoint a guardian ad litem—or issue another appropriate
7  order—to protect a minor or incompetent person who is unrepresented in an action."  Fed. R. Civ.
8  P. 17(c)(2).  A representative of a minor or incompetent person may sue or defend on behalf of
9  the minor or incompetent person.  Fed. R. Civ. P. 17(c).

10     The appointment of the guardian ad litem is more than a mere formality.  *See United*
11 *States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d
12 796, 805 (9th Cir. 1986).  A court shall take whatever measures it deems appropriate to protect
13 the interests of the individual during the litigation.  *Id*.  The guardian need not possess special
14 qualifications, but he must "be truly dedicated to the best interests of the person on whose behalf
15 he seeks to litigate."  *AT&T Mobility, LLC v. Yeager*, 143 F.Supp.3d 1042, 1054 (E.D. Cal. 2015)
16 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)).  The decision to appoint a
17 guardian ad litem "must normally be left to the sound discretion of the trial court."  *30.64 Acres*
18 *of Land*, 795 F.2d at 804.

19     The motion requests the Court find that Plaintiff, a 24-year old woman, is "incompetent"
20 under Fed. R. Civ. P. 17(c) and appoint her mother as the GAL.  ECF No. 15.  The motion
21 contends that Plaintiff is intellectually disabled and has "developmental delay and the cognitive
22 functioning of a 10- to 12-year old."  ECF No. 15 at 3.  Plaintiff's mother attests to this fact and
23 that Plaintiff does not have the capacity to represent herself.  ECF No. 15-1.  The mother's
24 supplemental declaration states that Plaintiff has been diagnosed as "moderately mentally
25 retarded" and that she is living in a group home that provides daily living support.  ECF No. 29 at
26 ¶ 4.  The declaration further states that Plaintiff has an Individualized Education Plan and has
27 been assessed with a Section 210 intellectual disability which means she has "significantly
28 subaverage general intellectual functioning."  *Id.*  Plaintiff's mother further avers that she has no

interests adverse to Plaintiff and consents to serving as her GAL.

Plaintiff's counsel, Omar Qureshi, has also submitted an affidavit to address the requirements of Local Rule 202(c). ECF No. 29-1. Local Rule 202(c) requires disclosure of an attorney's interest. The declaration of Plaintiff's counsel meets the requirements of the Rule 202(c). For these reasons, the Court finds it appropriate to appoint Plaintiff's mother, P.W., to represent her interests in this matter and that the requirements of Local Rule 202 have been met.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The motion for appointment of Plaintiff's mother, P.W., as guardian ad litem (ECF No. 15) is GRANTED. The motion was previously filed at ECF No. 7 and the Clerk's office shall terminate that motion.

2. Plaintiff's mother, P.W., is appointed as guardian ad litem for Plaintiff Jane Doe and is authorized to prosecute the action on her behalf.

IT IS SO ORDERED.

DATED: August 29, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE